IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

DENNIS ENTZ                                                              PLAINTIFF

v.                                               CIVIL ACTION NO: 3:13CV309-MPM-SAA

DONALD RICHARD GASTON,
GASTON SEVEN CROSS RANCH, LLC and
NATIONAL SORTING COW HORSE ASSOCIATION, LLC          DEFENDANT

**ORDER GRANTING DEFENDANTS' MOTION
TO STRIKE PLAINTIFF'S EXPERT WITNESS DESIGNATION**

Defendant Donald Rickie Gaston moves to strike plaintiff's designation of expert witness on grounds that plaintiff's expert designation does not comply with Federal Rule of Civil Procedure 26 and Local Uniform Civil Rule 26. Docket # 42. Specifically, plaintiff's designation of Dr. Midyett did not contain a written report required by the rules. Docket 43, p. 1. Plaintiff concedes that his initial expert designation did not provide a report from Dr. Midyett, but asserts that the designation should be allowed because Dr. Midyett has now become a treating dentist and because the interests of justice weigh in favor of allowing the expert testimony. Docket 50.

The purpose of the mandatory disclosure requirement of Rule 26 of the Federal Rules of Civil Procedure is to ensure that the parties are not surprised by new witnesses, exhibits or other evidence on the eve of trial. FED. R. CIV. P. 26(a)(2) requires a party to disclose very particular information including, among other things, the identity of any expert witness it may use at trial and a written, signed report from the expert. In addition, Local Uniform Civil Rule 26(a)(2) requires that

> [a] party must make full and complete [expert] disclosure as required by
> Fed.R.Civ.P. 26(a)(2) and L.U.C<small>IV</small>.R. 26(a)(2)(D) no later than the time specified
> in the case management order. Absent a finding of just cause, failure to make full
> expert disclosures by the expert designation deadline is grounds for prohibiting
> introduction of that evidence at trial. . . .
>
> (D) A party must designate physicians and other witnesses who are not
> retained or specially employed to provide expert testimony but who are expected
> to be called to offer expert opinions at trial. No written report is required from
> such witnesses, but the party must disclose the subject matter on which the
> witness is expected to present evidence under F<small>ED</small>.R.E<small>VID</small>. 207, 203 or 205, and a
> summary of the facts and opinions to which the witness is expected to testify.
> The party must also supplement initial disclosures.

The Fifth Circuit has set out the following four factors that a district court must consider when determining whether to strike a witness. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996):

> (1) the explanation, if any, for the party's failure to comply with the . . . order;
> (2) the prejudice to the opposing party of allowing the witnesses to testify;
> (3) the possibility of curing such prejudice by granting a continuance; and
> (4) the importance of the witnesses' testimony.

*Id.*

Plaintiff has not complied with F<small>ED</small>. R. C<small>IV</small>. P. 26(a)(2) in that he provided neither a report written and signed by Dr. Midyett by the expert designation deadline nor the "summary of estimated costs for the necessary treatment and care" as indicated on the expert designation. Docket 64. Plaintiff asserts that he was not required to provide a signed report as Dr. Midyett is a treating dentist. However, plaintiff did not identify Dr. Midyett as a treating dentist until after the expert and discovery deadlines expired, and plaintiff was denied an extension of the deadlines to designate experts. A review of both plaintiff's discovery responses and supplemental discovery responses evidences this failure to disclose any treating dentist other than Dr. Williams. Docket 43-2, p. 6. Further, plaintiff's expert designation indicates that

2

"Plaintiff will supplement his responses to this disclosure with a written report prepared by Dr. Midyett." Docket 64, p. 4-5.

Considering the first factor, plaintiff has provided no explanation for his failure to identify Dr. Midyett as a treating dentist until after the discovery deadline and after the undersigned denied his motion for an extension of time to designate experts. It can only be assumed given plaintiff's history of lackadaisical pursuit of his case that plaintiff only began actual treatment with Dr. Midyett after realizing his issues with his expert designation and has done so in an attempt circumvent this court's prior order. Plaintiff has previously explained his failure to timely designate his experts by asserting an inability to pay for the treatment, despite the plaintiff's own admission that the dentist offered plaintiff the opportunity of a payment plan. The court finds it interesting that immediately following a denial of plaintiff's motion for extension of time to designate experts, plaintiff was able to afford the treatment. Plaintiff's "explanation" for failing to properly disclose Dr. Midyett weighs against him.

Defendant is clearly prejudiced by this failure because he relied upon the fact that plaintiff had not designated any expert properly when making his decision to retain an expert and further because he did not know the facts known and opinions held by plaintiff's expert/treating dentist during the discovery period. Plaintiff's expert designation indicated that a "summary of estimated costs for the necessary treatment and care required . . . has been furnished to Defendant's counsel." Docket 64. However, as plaintiff's counsel admitted on the day of the settlement conference, that summary was not provided to defense counsel until July 8, 2014, three weeks after plaintiff's expert designation and six days before defendant's expert designation deadline. Even then, the document that was provided was hardly legible and

provided no explanation of exactly what procedures needed to be performed. To allow plaintiff's designation of Dr. Midyett at this stage would clearly prejudice defendant.

Granting a continuance in this matter might potentially cure plaintiff's defective expert designation simply by allowing plaintiff time to actually pursue his case, something he has not done in the past year that it has been pending. However, it will not cure the fact that defendant will be required to incur additional unnecessary expense at this late stage of litigation. Finally, the expert opinion of Dr. Midyett is not necessary to plaintiff's case as plaintiff may testify to the fact that he has received dental treatment and the cost of the treatment received. Plaintiff's case may still proceed without the testimony of a dentist. Accordingly, it is

**ORDERED**

That the defendant's motion to strike plaintiff's expert witness designation is GRANTED.

This, the 5th day of December, 2014.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE